Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
PRIMITIVO RANGEL

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| PRIMITIVO RANGEL, <br><br> Plaintiff, <br><br> v. <br><br> PHH MORTGAGE CORPORATION, <br><br> Defendant. | **Case No.:** 2:18-cv-9952 <br><br> **PLAINTIFF'S COMPLAINT** |

**PLAINTIFF'S COMPLAINT**

Plaintiff, PRIMITIVO RANGEL ("Plaintiff"), through her attorneys, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, PHH MORTGAGE CORPORATION ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

1

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. ("RFDCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

4. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in the Castaic, Los Angeles County, California.

7. Plaintiff is a consumer as that term is defined by the RFDCPA.

8. Plaintiff is a person as that term is defined by the TCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the RFDCPA.

10. Defendant is a debt collector as that term is defined by the RFDCPA.

11. Within the past year of Plaintiff filing this Complaint, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in Laurel, New Jersey.

13. Defendant is a business entity engaged in the collection of debt within the State of California.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. During the course of its attempts to collect debts, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged debt that Plaintiff does not owe.

18. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

19. Within the past year of Plaintiff filing this Complaint, Defendant began calling Plaintiff's cellular telephone number at xxx-xxx-8943, in an attempt to collect an alleged debt from Plaintiff.

20. Defendant calls Plaintiff from 800-449-8767 which is one of Defendant's

telephone numbers.

21. None of the telephone calls Defendant made to Plaintiff were for an emergency purpose.

22. On several occasions since Defendant began calling Plaintiff, Plaintiff has answered Defendant's collection call and has requested for Defendant to stop calling her.

23. Despite Plaintiff's repeated request to stop calling, Defendant continued to place collection calls to Plaintiff's telephone.

24. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

25. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

26. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

27. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

28. Within 4 years of Plaintiff filing this Complaint, Defendant left voicemail messages from live representatives for Plaintiff on Plaintiff's cellular telephone.

29. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

4

30. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

31. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

32. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

33. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

34. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

35. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

36. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

37. Defendant's calls constitute calls that are not for emergency purposes as defined by the TCPA.

38. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at

least the following, if not more, ways:

   a. Invading Plaintiff's privacy;

   b. Electronically intruding upon Plaintiff's seclusion;

   c. Intrusion into Plaintiff's use and enjoyment of Plaintiff's cellular telephone;

   d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of Plaintiff's cellular telephone; and

   e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

39. Defendant violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, PRIMITIVO RANGEL, respectfully requests judgment be entered against Defendant, PHH MORTGAGE CORPORATION, for the following:

40. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every

violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

43. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff repeats and re-alleges paragraphs 1-38 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

40. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called, when Defendant placed collection calls to Plaintiff and continued to do so after Plaintiff requested for Defendant to stop calling her; and

   b. Defendant violated the §1788.11(e) by communicating by telephone with the debtor with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances, when Defendant placed collection calls to Plaintiff and continued to do so after Plaintiff requested

7

for Defendant to stop calling her.

WHEREFORE, Plaintiff, PRIMITIVO RANGEL, respectfully requests judgment be entered against Defendant, PHH MORTGAGE CORPORATION, for the following:

41. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b);

42. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

43. Any other relief that this Honorable Court deems appropriate.

DATED: November 28, 2018     RESPECTFULLY SUBMITTED,

AGRUSS LAW FIRM, LLC

By: /s/ Michael S. Agruss
    Michael S. Agruss
    Attorney for Plaintiff
    PRIMITIVO RANGEL